**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Father Doe 246 on behalf of his ) | |
| Minor child, Jane Doe 246, ) | C.A. No. 2:16-cv-224-PMD |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Berkeley County School District, ) | |
| and James Spencer, ) | |
| ) | |
| Defendants, ) | |
| _____ ) | |

**Complaint**

For her Complaint, the Plaintiff Father Doe 246 alleges:

1.       The Plaintiff, Father Doe 246, is a South Carolina citizen and resident who resides in Berkeley County, S.C..  He is the natural parent of Jane Doe 246, a minor child on whose behalf this claim is brought.  Jane Doe 246 attended Marrington Middle School, at 109 Gearing Street, Goose Creek, S.C. 29445, from 2012 to 2014.  They are referred to in this Complaint as Father Doe and Jane Doe.

2.       Marrington Middle School is located on federal property within Berkeley County, SC, on property referred to locally as the Naval Weapons Station.

3.       The Plaintiffs are identified in this complaint using a pseudonym to comply with S.C. Code § 16-3-730, and 18 U.S.C. § 2252A(e), each of which prohibit publication of the name or identifying information of any person upon whom the crime of criminal sexual conduct has been committed.  The Defendants shall be informed of the identity of the Plaintiffs to the extent each provides written agreement to protect the Plaintiffs' identities as to the public record; or,

1

upon refusal by one or more defendants to provide that written assurance to protect the Plaintiffs'

identities as to the public record, upon motion for a protective order and order of the Court.

4.    The Defendant, Berkeley County School District, is a governmental entity with its

principal place of business located in Berkeley County at 229 East Main Street, Moncks Corner

SC 29461.  The District and its officials are referred to in this Complaint collectively as the

District.  The Berkeley County School does business in South Carolina by operating schools in

Berkeley County.

5.    At all times pertinent to this Complaint, Defendant the District owned and

operated in Berkeley County the Marrington Middle School.

6.    At all times pertinent to this Complaint, Defendant the District employed James

Spencer as principal of Marrington Middle School.  In that capacity, Defendant Spencer had

authority over teachers and students at Marrington Middle School, and in that capacity he did

business in, and committed tortious acts in, Berkeley County.

7.    James Spencer is a citizen and resident of South Carolina.

8.    The Court has subject matter jurisdiction over the causes of action alleged in this

Complaint and personal jurisdiction over the parties.

Nature of Wrongdoing

9.    At all times pertinent to this Complaint, the District had, and continues to have, a

duty to protect from sexual battery each minor child who attends its schools.

10.    At all times pertinent to this Complaint, and at all times while employed by the

District, Defendant Spencer had a duty to protect from sexual battery each student attending

Marrington Middle School.

2

11.    Since at least February, 2013, a particular male student attending Marrington Middle School has been known to the Defendants to sexually batter female students.  Jane Doe is among the female students who had been assaulted by the male student known to sexually assault female students.  That male student in this complaint is referred to as WW.

12.    In the Spring of 2013, complaints were made about WW sexually assaulting female students and engaging in other inappropriate sexual behavior.  There were multiple complaints.

13.    Spencer failed to properly investigate, or respond to those complaints, and failed to make proper arrangements to supervise WW so as to prevent the reoccurrence of harm.

14.    At the beginning of the 2013-2014 school year, Spencer created student assignments which placed WW in class with Jane Doe without supervision sufficient to monitor and prevent the sexually inappropriate behavior in which he was known to engage.

15.    Without Spencer's student assignment plan, and the decisions chargeable to Spencer about the supervision to give WW, WW would not have had the opportunity to sexually assault Jane Doe.

16.    In the assignments for 2013-2014, and in the decisions of what supervision to withhold from WW despite knowing there were multiple complaints of sexual improprieties against WW, Spencer committed affirmative acts that contributed to the risk of Jane Doe being sexually assaulted by WW.

17.    Defendant Spencer knew, and was deliberately indifferent to, WW repeatedly having assaulted other students before Jane Doe.  Spencer created the danger to Jane Doe by putting Jane Doe and WW together before any abuse had occurred, and did so knowing that WW had assaulted other students and that other complaints of his assaults had been made.

18.    The other complaints about WW had come to Spencer in the spring of 2013 through parent complaints, written complaints, and student complaints.

19.    Jane Doe was sexually assaulted by WW in the fall of 2013, after and as a proximate result of Spencer's student assignments, which placed them together and in proximity, and after Spencer chose not to use reasonable means to have WW supervised so as to prevent him from assaulting other female students, including Jane Doe.

20.    Nor did Spencer issue notice to Father Doe or other families that Spencer and the District were aware that their female students were regarded by WW as being fair game for his sexually inappropriate behavior.

21.    Defendant Spencer, on behalf of the Berkeley County School District, by his actions and inactions in the fall of 2013, created for Jane Doe the danger of being assaulted by WW, and she was thereafter assaulted by WW.

22.    Jane Doe was damaged by the deliberate indifference of Spencer and the Berkeley County School District in creating the dangerous conditions which led directly to her assault. Among other things, her grades declined, and she developed PTSD from the assault.

23.    This action arises out of multiple acts of sexual abuse and is brought pursuant to S.C. Code § 15-3-555(A), prior to age 27 for Jane Doe.  Jane Doe was born in 2000, and the action is also brought during her minority.

24.    Through Defendant Spencer, the District was aware, or should have been aware, that Jane Doe needed protection from WW from his known sexually assaults on female students, and that WW needed increased supervision.

4

25.    The District's policies and practices are grossly insufficient to prevent male students, such as WW, from battering Jane Doe and other female students.  In theory, the district has a "no touch" policy, but the District's practice was to not enforce that policy as to WW.

26.    Defendant Spencer and other District officials knew, or should have known, that Jane Doe needed protection from WW, and that WW needed increased supervision.  Each ignored that knowledge when assigning students in the fall of 2013, and in creating the plan for supervising WW.

27.    When complaints were made in the spring of 2013 to Spencer, he was grossly negligent under state law in investigating those complaints and adjusting operations to prevent additional acts of sexual violence by WW.  Under federal law, he was deliberately indifferent in 2013 and then created the danger for Jane Doe by his student assignments, the supervision given WW, and the lack of warning to Jane Doe and her family about the known danger WW posed to Jane Doe.

28.    District officials were grossly negligent under state law, and deliberately indifferent under federal law after creating the conditions of danger in the fall of 2013, and failed to protect Jane Doe from WW.

29.    District officials also failed WW, in being grossly negligent under state law, and deliberately indifferent under federal law, knowing abou the complaints and misbehavior of WW in the spring of 2013 and then ignoring that information in creating fall 2013 students assignments and supervision for WW.  Defendants each failed to arrange proper supervision that would have protected WW from his own proclivities as he learned proper boundaries, and that supervision would have protected Jane Doe as well.   WW was known to be a danger but an

affirmative decision was made to give him no additional supervision to protect Jane Doe and other female students from WW.

30.     Spencer was deliberately indifferent in student assignment decisions and supervision decisions, which result in WW having opportunities he should not have had on school premises to sexually batter Jane Doe in the fall of 2013.

31.     Jane Doe was 12 years old when she was assaulted by WW in the fall of 2013.

**For a First Cause of Action:**
**Gross Negligence Under State Law Against the District**

32.      Allegations above are incorporated into this cause of action as if fully stated.

33.     Defendants had a duty to refrain from any act or omission which might cause harm to minor children under their care and control, including Jane Doe.

34.     Defendant Spencer's conduct is the conduct of The District for purposes of this cause of action.

35.     Defendants' conduct was grossly negligent and failed to meet the standard of conduct for a reasonable and prudent person under the same or similar circumstances in at least the following particulars:

      a.     In failing to provide adequate security for minor students who attended Marrington Middle School;

      b.     After multiple complaints were received in the spring of 2013, in failing to conduct a meaningful investigation into the nature of the male student's conduct;

      c.     In failing to have procedures and policies appropriate to prevent or detect the male student's sexual battery of female students,

      d.     In failing to have sufficient education and training for employees, staff, students and parents about protecting students from sexual battery,

      e.     In the fall of 2013, Defendant Spencer assigned students so as to place WW in the proximity of and with access to Jane Doe,

6

f.    In the fall of 2013, Defendant Spencer decided that WW's supervision would not include options to prevent him from having opportunities to sexually assault female students, such as the Plaintiff.

36.    The Plaintiff was harmed as a result of the gross negligence of the District and its officials.

37.    The harm to each the Plaintiff was proximately caused by the gross negligence of the Defendants.

38.    The Plaintiff was entitled to a judgment against Defendants for actual damages, jointly and severally, in an amount to be determined by the jury.

**For a Second Cause of Action:**
**Violation of 42 U.S.C. § 1983 Count One: State Created Danger**
**Against Defendant Spencer**

39.    This cause of action is directed against Defendant Spencer individually under federal, not state, law, pursuant to 42 U.S.C. § 1983, in his individual and official capacities acting within the course and scope of his positions within the Berkeley County School District.

40.    Allegations above are incorporated into this cause of action, other than standard of gross negligence directed against Defendant Spencer.  In this cause of action, his actions are measured against a deliberate indifference standard to his having created a known danger for Jane Doe.

41.    At all times Defendant Spencer acted under color of state law in his capacity as principal of Marrington Middle School.

42.    Defendant Spencer acted intentionally so as to harm the Plaintiff, and created a danger for the Plaintiff, or by his conduct was deliberately indifferent to the dangers created for the interests of the Plaintiff.

43.    Defendant Spencer was told explicitly by multiple persons in the spring of

February, that WW was assaulting female students, and that his conduct was improper sexual touching and was inappropriate.

44.     Defendant Spencer analyzed the facts reported to him in the spring of 2013 and in the fall of 2013 made conscious, affirmative decisions (a) to not restrict the male student's contact with Jane Doe, or with other female students, (b) to assigned WW to a schedule which placed him in proximity around Jane Doe, and (c) elected not to warn Jane Doe, or her parents, or other parents, of the risk WW presented for assault.

45.     Spencer created for Jane Doe a dangerous condition in the form of her compelled exposure to WW under conditions where WW was inadequately supervised for his known behaviors, and Jane Doe was inadequately warned against the threat WW presented.

46.     As a result of Spencer's affirmative acts, Jane Doe was assaulted by WW and was damaged by that assault.

47.     The Plaintiff has an interest, cognizable under the United States Constitution and federal law, in avoiding sexual assault at school and a protected federal interest in her own bodily integrity.

48.     Conduct by the Defendant Spencer posed a direct injury, and direct harm, to the Constitutional interest of the Plaintiff.  It was foreseeable to Defendant Spencer beginning in the spring of 2013, that failing to impede, or properly investigate, or properly supervise, or properly assign, the male student in light of his known inappropriate conduct that any female student around WW, including Jane Doe, was in danger of being sexually assaulted by WW.

49.     Jane Doe and other students were exposed to sexual battery and deprived of her Constitutional rights because of Spencer's affirmative acts to create for her a danger from WW.

50.     By his affirmative actions in the fall of 2013, Spencer created opportunity for

WW to sexually exploit Jane Doe and other female students, and Jane Doe was assaulted by WW.

51.    Defendant Spencer was deliberately indifferent to the federally protected interests of the Plaintiff.

52.    Defendant Spencer acted under color of state law and within the scope of his official duty.

53.    Since February, 2013, Spencer has had reason to know, and has known, that the male student was dangerous to his female peers.

54.    Defendant Spencer is or should be aware that as sexually abused children age, they have an increased risk of harm from substance abuse and other complications. "Trigger" mechanisms can occur throughout an abuse victim's life to disrupt the victim's stability.

55.    Starting in February, 2013, Defendant Spencer has been deliberately indifferent to the known risks the male student represented for the Plaintiff.

56.    After February, 2013, Defendant Spencer took affirmative acts which assisted the male student's sexual exploitation of children and was consciously and deliberately indifferent to the interests of the Plaintiff, including her federally protected interests.

57.    Defendant Spencer created the danger that otherwise would not have existed for the female students whose sexual assaults occurred after February, 2013, including the Plaintiff. Other students were also assaulted by WW in addition to the Plaintiff, in the fall of 2013.

58.    Defendant Spencer created and exacerbated a known dangerous situation for the Plaintiff. She was within the identifiable harm of which the Defendant Spencer was aware not later than February, 2013.

59.    But for the conduct of Defendant Spencer in his affirmative acts to assign students

9

as he did in the fall of 2013 and in determining the type of supervision to provide WW in light of

those student assignments, the opportunity WW had to assault Jane Doe would have not existed

in the fall of 2013, and would have ended in February, 2013.

60.      Defendants Spencer was not only aware that WW had continued access to Jane

Doe and other minor female students after February, 2013, Defendant Spencer arranged for the

access by his assignment decisions and his decisions on how WW should be supervised.  Female

students including the Plaintiff were each exposed to WW as a result of the affirmative decisions

that Spencer used his state position to create in the fall of 2013.

61.      The Plaintiff would have had no exposure to WW in the fall of  2013 but for

Defendant Spencer taking affirmative action to place WW in the proximity of Jane Doe without

supervision sufficient to prevent the assaults in which WW was known to engage.

62.      The Plaintiff is entitled to actual and punitive damages in amounts to be

determined by the trier of fact.

### For a Third Cause of Action
### Violation of Title IX, 20 U.S.C. § 1681 et seq
### Against the District

63.      Allegations above are incorporated into this cause of action as if fully stated.

64.      The Berkeley County School District is a public school system and as such,

qualifies as each of a "local educational agency" and "school system" within the meaning of 16

U.S.C. § 1687.  It is referred to as the District.

65.      Federal financial assistance extends to the District.

66.      Title IX, 20 U.S.C. § 1681 et seq, applies to the District.

67.    Among other things, Title IX prohibits discrimination on the basis of sex from participation in and benefits of any educational program.

68.    The Plaintiff is an individual with an interest in access to public education free of being discriminated against because she is female.

69.    Jane Doe has an individual interest in being free of discrimination directed at her.

70.    Since February, 2013, the District's agents and employees knew or should have known that female students at Marrington Middle School had sustained inappropriate sexual touching by WW.

71.    Defendant Spencer and other Marrington School officials have been deliberately indifferent to that sexual misconduct, failed to protect Jane Doe and other female students from repeated acts of that misconduct, and, knowing WW was a danger to female students assigned Jane Doe without proper warning to be in proximity to WW, with supervision of WW not sufficient to restrain the male student's repeated misconduct.

72.    The sexual assault on Jane Doe affected her access to educational opportunities and benefits of public education.  Her academic performance declined as she had anxiety and aversion to school sufficient to frustrate her education.

73.    Agents and employees of the District have been deliberately indifferent to the interest of Jane Doe being free of sexual harassment, which occurred on school grounds.

74.    Agents and employees of the District knowingly permitted the sexual harassment of Jane Doe and other female students by WW.

75.    The Plaintiff is entitled to actual and punitive damages in amounts to be determined by the trier of fact.

Request for Jury Trial

76. Plaintiff requests trial by jury.


WHEREFORE, Plaintiff, requests actual and punitive damages as appropriate to the

various Defendants under applicable law, costs and disbursements of this action, attorneys fees

and costs as provided by statute for the federal causes of action, punitive damages as allowed by

federal law, and for such other and further relief as the Court and jury shall deem just and proper.


Respectfully submitted,

s/  Gregg Meyers

Gregg Meyers, Fed. No. 4183
Jeff Anderson & Associates, P.A.
366 Jackson Street, Suite 110
St. Paul, MN 55101
651-227-9990, 651-297-6543 facsimile
Gregg@andersonadvocates.com

Michael Dill
1240 Winnowing Way Ste 102
Mt. Pleasant SC 29466
MDill@CDHLawfirm.com
843-732-3353

Date: January 22, 2016